IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GODFREY WEIR,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DARDEN RESTAURANTS, et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 4:26-cv-00001-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court for purposes of screening Plaintiff's Complaint[1] under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

I. BACKGROUND

Plaintiff filed his Complaint on January 5, 2026, therein alleging violations of the Fair Labor Standards Act[2] and fraudulent concealment, and asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a).[3] Plaintiff alleges that on September 12, 2014, his employer failed to pay him wages and "f[r]audulently concealed and unjustly enriched themselves" in violation of the law.[4] On the civil coversheet for his Complaint, Plaintiff selected several options for the "Nature of the Suit" section, including checking of boxes in the "Civil Rights" subsection

---

[1] Docket No. 1.

[2] 29 U.S.C. §§201–19.

[3] Docket No. 1-1, at 1.

[4] Docket No. 1, at 4.

including "Other Civil rights" and "Employment/Housing,"[5] but nowhere in his Complaint or Civil Cover Sheet did he elaborate upon any violations of that nature.

On January 6, 2026, after receiving Plaintiff's Complaint and Motion to Proceed in forma pauperis,[6] the Court entered an Order to Show Cause requiring Plaintiff to explain why Plaintiff's cause of action should not be dismissed for lack of subject matter jurisdiction.[7] Specifically, the Court noted the incongruity between the amount in controversy—$172.94 in wrongfully withheld wages—and Plaintiff's demand for $3,000,000,[8] and indicated to Plaintiff his Complaint faced dismissal for lack of subject matter jurisdiction based upon the unsupported amount in controversy. The Court also noted that "[t]o the extent that Plaintiff is relying on federal question jurisdiction, the allegations in the Complaint are insufficient."[9] Additionally, the Court concurrently entered an Order temporarily granting Plaintiff's Motion to Proceed in forma pauperis and indicated that Plaintiff's complaint would be screened under 28 U.S.C. § 1915(e) and DUCivR 3-2(b).[10]

In Plaintiff's response to the Court's Order to Show Cause, support for his claim of diversity jurisdiction as to the amount in controversy is contained in one line: "the amount in controversy exceeds $75,000, as Plaintiff seeks damages for lost wages, emotional distress, punitive damages, and injunctive relief."[11] Additionally in his response, Plaintiff directly asserts that the Court has not only diversity jurisdiction but also federal question jurisdiction.[12] Plaintiff

---

[5] Docket No. 1-1, at 1.

[6] Docket No. 2.

[7] Docket No. 6, at 2.

[8] *Id.*

[9] Docket No. 6, at 1 n.2.

[10] Docket No. 7.

[11] Docket No. 9, at 2.

[12] *Id.* at 1–2.

alleges Defendant discriminatorily withheld his wages in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[13] that Defendant withheld his wages in violation of the Fair Labor Standards Act,[14] and that Defendant interfered with "contractual rights through discriminatory wage practices" in violation of 42 U.S.C. §1981.[15]

After a review of the Complaint and Plaintiff's response to the Order to Show cause, for the reasons discussed below Plaintiff must file an amended complaint. First, Plaintiff's responses to the Court's Order to Show Cause fail to persuade the Court that it has diversity jurisdiction over Plaintiff's claims as to the amount in controversy. Second, without more facts, Plaintiff's main cause of action—the wrongful withholding of wages, as asserted under the FLSA—falls victim to a statute of limitations issue. Additionally, while Plaintiff asserts that his wages were withheld in a fraudulent manner and thus the statute of limitations is tolled, he has failed to provide any factual basis supporting his assertion of the doctrine of fraudulent concealment. Finally, Plaintiff fails to provide any factual basis to support his other federal claims, which require facts establishing that he faced discrimination due to his race.

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status

---

[13] 42 U.S.C. § 2000e et seq.

[14] 29 U.S.C. § 201 et seq.

[15] Docket No. 9, at 2.

or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[16]

After reviewing Plaintiff's Complaint and response to the Order to Show Cause, the Court concludes Plaintiff's Complaint suffers from the following deficiencies:

*A. Insufficient Facts Alleged for Diversity Jurisdiction*

28 U.S.C. § 1332 dictates that a district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." A case may be dismissed if, it appears "to a legal certainty that the claim is really for less than the jurisdictional amount."[17] The party asserting diversity jurisdiction bears the burden of showing that the alleged amount in controversy in fact exceeds the jurisdictional amount required.[18] Though a plaintiff's "allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."[19]

In support of his assertion that this Court has diversity jurisdiction over his case—despite the wide chasm between the allegedly withheld wages and his demand amount—Plaintiff merely states "the amount in controversy exceeds $75,000, as Plaintiff seeks damages for lost wages,

---

[16] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.")

[17] *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir. 2000).

[18] *See Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir. 1994).

[19] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973)).

emotional distress, punitive damages, and injunctive relief,"[20] and presents no facts to support his assertion. With this conclusory statement, Plaintiff has failed to provide the facts needed to convince the Court that any recoverable damages bear a reasonable relation to the jurisdictional floor. Plaintiff must provide more factual basis to support his allegation that he is entitled to $3,000,000 if he wishes for this Court to assert diversity jurisdiction over the case.

B. *Statute of Limitations and Fraudulent Concealment Doctrine*

Without more development of Plaintiff's fraudulent concealment doctrine assertion, Plaintiff's claims are precluded by the statute of limitations. The Tenth Circuit has explained that "[a] complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[21] Applicable here, an FLSA cause of action alleging a violation due to an issue of unpaid wages is time-barred "unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."[22] Stated another way, "[t]he FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies."[23]

Here, Plaintiff alleges that Defendant withheld wages over ten years ago, in September of 2014. The incident clearly falls well outside of the permitted time to bring a claim to recoup on these types of alleged losses. Even reviewing Plaintiff's claims conservatively, namely assuming

---

[20] Docket No. 9, at 2.

[21] *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal citation and quotation marks omitted).

[22] 29 U.S.C. § 255(a).

[23] *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F. 3d 1266, 1270 (10th Cir. 2011) (citing 29 U.S.C. § 255(a)).

without deciding that Defendant did in fact act willfully in withholding any of Plaintiff's wages, the claim is time-barred.

However, Plaintiff does assert that the doctrine of fraudulent concealment applies in this case, raising the question of whether it is possible that his claims survive past the, at most, three-year statute of limitations. But as explained below, this doctrine does no favors for Plaintiff at this juncture due to his failure to set forth facts supporting fraudulent concealment.

"Fraudulent concealment is an equitable doctrine 'read into every federal statute of limitation.'"[24] Additionally, "[b]ecause a claim of fraudulent concealment is based on fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies."[25] "Rule 9(b) of the Federal Rules of Civil Procedure requires that, in a pleading alleging fraud, the circumstances constituting fraud or mistake must be stated with particularity."[26] Therefore, a plaintiff asserting fraud took place must state with particularity "the circumstances constituting fraud or mistake," and a complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[27] More specifically, if a plaintiff asserts the doctrine of fraudulent concealment, the Tenth Circuit requires that plaintiff to show:

> (1) [t]he use of fraudulent means by the [defendant] . . . ; (2) successful concealment from the injured party; and (3) that the party claiming fraudulent

---

[24] *Brown v. JBS USA Food Co.*, 773 F. Supp. 3d 1193, 1231 (D. Colo. 2025) (quoting *In re Credit Default Swaps Auction Litig.*, 710 F. Supp. 3d 895, 932 (D. N.M. 2023)).

[25] *Id.*

[26] *Id.* (citing *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006)).

[27] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotation marks omitted).

concealment did not know or by the exercise of due diligence could not have known that he might have a cause of action.[28]

Here, Plaintiff alleges nothing that would satisfy the required standards of pleading beyond stating his "Employer f[r]audulently concealed and unjustly enriched themselves while violating the wage and labor laws of [t]he District of Utah."[29] Even affording Plaintiff some leniency as is entitled to pro se plaintiffs,[30] liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based,"[31] and Plaintiff has failed to produce facts that satisfy his required burden. Plaintiff's assertion of fraudulent concealment, as it currently stands, is insufficient to toll the statute of limitations, thus precluding Plaintiff's claim of wrongfully withheld wages in violation of the FLSA. Plaintiff's amended complaint must remedy this shortcoming.[32]

C. Racial Discrimination Claims

Plaintiff's remaining claims of discrimination under Title VII and § 1981 also suffer from a lack of factual basis as required by Federal Rule of Civil Procedure 8. In order to show a prima

---

[28] *Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 336–37 (10th Cir. 1994) (internal quotation marks omitted).

[29] Docket No. 1 at 4.

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.")

[31] *Id.*

[32] Notably, Plaintiff does not assert any state-law-based claims of wrongful withholding of wages. Even if he had, Plaintiff's claims would likely still be time-barred, absent any facts in the pleadings establishing fraudulent concealment. *See Scholzen v. Scholzen Prodcucts Co.*, No. 4:20-cv-00019-DN-PK, 2020 WL 7630801, at *6 (D. Utah, Dec. 22, 2020) ("A personal wage claim would appear to be an action afforded 'for liability created by the statutes of the state,' for which the three-year statute of limitations [found in Utah Code Ann. § 78B-2-305(4)] is applicable."); *First Interstate Fin. LLC v. Savage*, 2020 UT App 1, ¶ 11, 458 P.3d 1161 (recognizing the doctrine of fraudulent concealment works to toll a statute of limitation in Utah cases).

facie case for racial discrimination in violation of Title VII and § 1981, a plaintiff must set forth sufficient facts supporting that "(1) he belongs to a protected class, (2) he suffered an adverse employment action, and (3) the adverse employment action occurred under circumstances giving rise to an inference of discrimination."[33]

The Tenth Circuit has explained that compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and requires a plaintiff to identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[34] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the Court to conclude that, if proven, the allegations show that Plaintiff is entitled to relief.[35] Absent compliance with the requirements, a case faces dismissal. Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[36] In other words, a complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37]

Similarly to what the Court previously noted in its Order to Show Cause, Plaintiff's Complaint and his response to the Order to Show Cause still fall short of the mark by failing to provide facts or any background supporting Plaintiff's assertions that Defendant "engaged in

---

[33] *Wilson v. Textron Aviation, Inc.*, 820 F. App'x. 688, 692 (10th Cir. 2020) (internal quotation marks and alterations omitted).

[34] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[35] *Id.*

[36] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

discriminatory practices based on race and national origin"[38] in violation of Title VII and § 1981. Therefore, Plaintiff must amend his Complaint to address these deficiencies if he wishes for his claims under Title VII and § 1981 to survive.

### III. CONCLUSION

It is therefore

ORDERED that by February 27, 2026, Plaintiff must cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice. It is further

ORDERED that Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is again temporarily GRANTED. It is further

ORDERED that the filing restrictions in the Court's prior Order (Docket No. 7) remain in place.

Signed February 4, 2026.

PAUL KOHLER
United States Magistrate Judge

---

[38] Docket No. 9, at 1.