IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GODFREY WEIR,<br><br>        Plaintiff,<br><br>v.<br><br>DARDEN RESTAURANTS, et al.,<br><br>        Defendants. | **ORDER ADOPTING RECOMMENDATION AND DISMISSING ACTION**<br><br>Case No. 4:26-cv-00001-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Paul Kohler on February 18, 2026, recommending this action be dismissed because Plaintiff Godfrey Weir has failed to plead a viable claim for relief and his proposed amendment does not remedy the deficiencies that have been previously brought to Plaintiff's attention.[1]

The parties were notified of their right to file objections to the Report and Recommendation within fourteen days of service.[2]  It is somewhat unclear whether Plaintiff objects.  Plaintiff filed a document on February 18 styled as an "OPPOSITION TO DEFENDANTS' MOTION."[3]  This is somewhat odd because no Defendant has appeared and thus no Defendant has filed any motion.

Nonetheless, even if the Court treats Plaintiff's filing as an objection, nothing in that document persuades the Court to overrule the Magistrate Judge's Report and Recommendation.

---

[1] *See* R. & R., ECF No. 15.

[2] *See id.* at 8.

[3] ECF No. 16.  Plaintiff filed the same document again on February 23.  ECF No. 17.

"De novo review is required after a party makes timely written objections to a magistrate's report." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). On the other hand, the Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). In his filing, Plaintiff does not specify any of the Magistrate Judge's findings or recommendations he finds objectionable, let alone any timely or specific objection. Rather, Plaintiff simply repeats his wage and discrimination claims without addressing any of the deficiencies identified by the Magistrate Judge.[4] Accordingly, the Court will adopt the Report and Recommendation.

Further, even under de novo review, this Court would adopt the Report and Recommendation because the Magistrate Judge's analysis is correct. Plaintiff's Fair Labor Standards Act claim is untimely and should be dismissed accordingly. With that claim dismissed, the Court declines to exercise jurisdiction over the remaining state law claim. Also, amendment should be denied both because Plaintiff has failed to cure deficiencies in his Complaint previously allowed and because the amendment appears futile. The only additional comment the Court adds to the Magistrate Judge's thorough analysis is that the proposed

---

[4] *See* ECF No. 16.

pleading, and the exhibit attached thereto, fail to plead that he timely filed a charge of discrimination, which is required to maintain the Title VII claim Plaintiff seeks to add through amendment. *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007) ("the obligation to demonstrate timeliness in filing a charge is a condition precedent to suit and thus a burden for plaintiffs to carry."); *see also Gad v. Kansas State Univ.*, 787 F.3d 1032, 1041 (10th Cir. 2015) ("the obligation to demonstrate timeliness [is] a burden for plaintiffs to carry by properly pleading it") (quotations omitted). The date of Plaintiff's charge of discrimination indicates it was filed just this year. *See* ECF No. 12, Ex. 2 (bearing Equal Employment Opportunity Commission ("EEOC") Charge Number 510-2026-02783); *see also Gutierrez v. Marcello's ChopHouse*, Civ. No. 19-124, 2020 WL 3412471, at *3 (D.N.M. June 22, 2020) (noting EEOC Charge Number 543-2017-00655 referred to a charge filed in 2017). Yet the allegations in the proposed amended pleading address events that occurred in 2014, which suggests Plaintiff's charge of discrimination was filed over a decade too late. For this additional reason, amendment appears futile because Plaintiff is unable to demonstrate timely filing of a charge of discrimination. *See Ball v. Walmart*, No. 25-5117, 2026 WL 972851, at *1–2 (10th Cir. Apr. 10, 2026) (affirming dismissal of Title VII claim for failure to timely exhaust administrative remedies).

Based on the foregoing, having reviewed all relevant materials, including a de novo review of the Magistrate Judge's Report and Recommendation, the Court overrules Plaintiff's objection (to the extent any has been appropriately made) and adopts the Report and Recommendation, finding that dismissal is warranted because Plaintiff does not state a valid claim for relief and further amendment is not warranted.

## ORDER

Based on the foregoing, the Court ADOPTS the Report and Recommendation (ECF No. 15) and DISMISSES this action.  Let judgement be entered accordingly.

DATED this 30th day of April 2026.

By the Court:

Ann Marie McIff Allen
United States District Judge

4